**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OSCAR ANSELMO RODRIGUEZ; et al.,

Petitioners,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 08-73407

Agency Nos. A097-124-515
A097-124-516
A097-124-517

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 13, 2010[**]

Before:    SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Oscar Anselmo Rodriguez and family, natives and citizens of Mexico,

petition for review of the Board of Immigration Appeals' ("BIA") order denying

their motion to reopen.  We have jurisdiction under 8 U.S.C. § 1252.  We review

for abuse of discretion the denial of a motion to reopen, *Cano-Merida v. INS*, 311

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

F.3d 960, 964 (9th Cir. 2002), and review due novo due process claims, *Torres-Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir. 2001). We deny the petition for review.

The BIA did not abuse its discretion in denying petitioners' motion to reopen because the BIA considered the evidence of lead petitioner's U.S. citizen daughter's medical condition and acted within its broad discretion in determining that the evidence was insufficient to establish prima facie eligibility for cancellation of removal. *See Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002) (BIA's denial of a motion to reopen shall be reversed only if it is "arbitrary, irrational, or contrary to law").

The BIA did not abuse its discretion in denying the motion based on petitioners' unsupported contention that Ms. Prado will be separated from her son. *See* 8 C.F.R. § 1003.2(c)(1) (motion to reopen shall be supported by affidavits or other evidentiary material).

To the extent petitioners contend that the BIA failed to consider some or all of the evidence submitted with the motion to reopen, they have not overcome the presumption that the BIA did review the record. *See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006). It follows that petitioners' due process claim fails.

08-73407

*See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**